Jacinto Gonzales v. The State.

No. 3512. Decided April 14, 1915.

1.—Rape—Venue—Indictment—Charge of Court.

Where the alleged offense of rape occurred in a county adjoining that of
the prosecution in the same judicial district, but the indictment did not allege
that the offense was committed in said adjoining county as a prerequisite and
reason why the county of the prosecution would have jurisdiction on the ques-
tion of venue, and the court instructed the jury that proof of venue would be
sufficient to warrant a conviction if the offense was committed in said adjoin-
ing county instead of in the county of the prosecution, the same was error. Fol-
lowing Miles v. State, 23 Texas Crim. App., 410, and other cases.

2.—Same—Rule Stated—Venue—Jurisdiction.

The general rule where not otherwise fixed by statute is that the county
in which the offense is committed alone has jurisdiction. The statute may

change this order, and in many cases has done so, including the offense of rape. Following Mischer v. State, 41 Texas Crim. Rep., 112.

**3.—Same—Statement of Facts—Bills of Exception—Pauper's Affidavit.**

Where, upon trial of rape, counsel were appointed for the defense and defendant was convicted, the jury assessing the death penalty, from which he appealed, and being a pauper, filed a pauper's oath, the court ordering the statement of facts to be made by the stenographer, which was not done, and his counsel used proper diligence to secure a statement of facts and bills of exception; and, besides, made out a statement of facts from memory and submitted same to the trial judge, but failed to secure his approval, etc., the same was reversible error. Following Burden v. State, 70 Texas Crim. Rep., 349.

Appeal from the District Court of Atascosa. Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

*David C. Brown,* for appellant.—On question of reviewable question without the record: Everett v. State, 170 S. W. Rep., 1100; Price v. State, 170 S. W. Rep., 1101.

On question of failure to file statement of facts and bills of exception because of no fault of appellant, and pauper's affidavit: Bryans v. State, 15 S. W. Rep., 288; Muse v. State, 38 S. W. Rep., 607; Davis v. State, 47 S. W. Rep., 978; Bazzanno v. State, 62 Texas Crim. Rep., 47, 136 S. W. Rep., 257; Peddy v. State, 63 Texas Crim. Rep., 483, 140 S. W. Rep., 229; Hamilton v. State, 65 Texas Crim. Rep., 508, 145 S. W. Rep., 348; Parker v. State, 65 Texas Crim. Rep., 412, 145 S. W. Rep., 347; Edwards v. State, 65 Texas Crim. Rep., 480, 145 S. W. Rep., 346; Rawles v. State, 67 Texas Crim. Rep., 556, 150 S. W. Rep., 431; Stewart v. State, 68 Texas Crim. Rep., 144, 150 S. W. Rep., 902; Lyster v. State, 68 Texas Crim. Rep., 257, 151 S. W. Rep., 302; Armstrong v. State, 70 Texas Crim. Rep., 596, 157 S. W. Rep., 1194; Roberts v. State, 70 Texas Crim. Rep., 588, 157 S. W. Rep., 1193; Johnson v. State, 71 Texas Crim. Rep., 391, 159 S. W. Rep., 848; Chavario v. State, 72 Texas Crim. Rep., 240, 161 S. W. Rep., 972; Davis v. State, 167 S. W. Rep., 1108.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of rape and given the death penalty.

The record is before us without a statement of the facts or bill of exceptions. The indictment charged the rape to have been committed in Atascosa County. It seems from the record before us that the offense was committed in Live Oak County, which was in the same judicial district as Atascosa County. Under the circumstances stated in the statute, the County of Atascosa might have jurisdiction to try the offense, although it was actually committed in Live Oak County, this being rape. The statute authorizing this has been held

constitutional by various decisions, commencing with Mischer v. State, 41 Texas Crim. Rep., 212. The court instructed the jury on that question as follows: "The jury are further instructed that the County of Atascosa is in the Thirty-sixth Judicial District of Texas, and that the County of Live Oak is in the Thirty-sixth Judicial District of Texas, therefore if from the evidence you find that the crime of which the defendant stands accused was committed in Live Oak County, instead of Atascosa County, and you believe and find, beyond a reasonable doubt, from the evidence, that the defendant was the person who committed it, the proof of the venue will be sufficient to warrant you in finding him guilty as charged in the indictment." Motion in arrest of judgment was made, which was also treated by the court as a motion for new trial, presenting the error of the court in trying the case in Atascosa County. The indictment does not charge the offense as having been committed in Live Oak County as a prerequisite and reason why Atascosa County would have jurisdiction on the question of venue. It seems the authorities, since the case of Chivarrio v. State, 15 Texas Crim. App., 330, have held where a county was attached to another county for judicial purposes it is necessary to allege in the indictment that fact in order to give jurisdiction in the county to which the other county is attached. This was followed in Miles v. State, 23 Texas Crim. App., 410. Because the indictment in those cases did not allege that the county in which the offense was committed was attached to the county of venue by legislative Act, it was insufficient and the cases were reversed. In Mischer's case, supra, that rule was followed with reference to the rape venue statute. If this rule has been changed by the decisions the writer has overlooked it. The general rule, where not otherwise fixed by statutory enactment, is that the county in which the offense is committed alone has jurisdiction. The statute may change this order and in many cases has done so. We notice this in passing on the case so that upon another trial this rule of law will be observed.

It seems the case was tried about the adjournment of the term of court. Proper orders were taken and entered, first, giving sixty days in which to file statement of facts and bills of exception, then subsequent thirty days added, but appellant failed to secure a statement of facts and bills of exception. The showing made in this court is uncontroverted that appellant did what he could to obtain both the evidence and the bills of exception. Counsel were appointed to defend him; it is a death penalty; being a pauper he filed his oath to the effect that he was unable to pay the necessary money to secure the statement of facts. The court ordered the statement of facts made by the stenographer, which was not done. Appellant, through his counsel, urged the matter, but the ninety days elapsed and he failed to get a statement of the facts or bills of exception. In the meantime, using full diligence, he, from memory, made out what he believed a fair statement of the facts and sent same to the district judge, who was in another county in the district. This statement of facts was not returned approved by the trial judge, and so far as the record is concerned was not returned

nor filed. This was handed the trial judge in time for his disposition before the expiration of the ninety days. Under the recent case of Burden v. State, 70 Texas Crim. Rep., 349, 156 S. W. Rep., 1196, this judgment will have to be reversed as it is brought within the rule there laid down; perhaps the showing in this case is even stronger than was the showing in that case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*