## KARELS v. STATE. (No. 7106.)

(Court of Criminal Appeals of Texas. June 21, 1922. Rehearing Denied Oct. 11, 1922.)

On Motion for Rehearing.

1. Indictment and information ⬥203—That indictment contained other counts did not affect conviction on valid count.

That an indictment contained other counts based on a repealed statute did not affect a conviction on a valid count for manufacturing liquor, the law relating to which has not been changed.

2. Criminal law ⬥1097(1)—Error in argument not considered without statement of facts.

Alleged error of the county attorney in his argument cannot be considered, when the record contains no statement of facts.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Fred Karels was convicted of the unlawful manufacture of intoxicating liquor, and he appeals. Affirmed.

Frank Oltorf, of Marlin, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The record is accompanied by neither bill of exceptions nor statement of facts, and no fundamental error appears.

The judgment is affirmed.

### On Motion for Rehearing.

LATTIMORE, J. [1] In his motion for rehearing appellant insists that the section of the Dean Liquor Law (Vernon's Ann. Pen. Code Supp. 1922, art. 588¼ et seq.), under which he was indicted and convicted, had been repealed, and that therefore we were in error in sustaining the judgment against him. An examination of the indictment discloses that it contained a number of counts, among which was a count charging appellant with manufacturing intoxicating liquor at the time and place mentioned. The law relating to the manufacture of liquor has not been changed. The charge of the court submitted to the jury the question of guilt of the manufacture of liquor as contained in said count. The fact that there

were other counts in the indictment charging the possession of liquor would not affect a conviction had upon a valid count.

[2] The matters urged in the motion relative to errors of the county attorney in his argument to the jury cannot be considered by us, in view of the absence of a statement of facts from the record.

Concluding there was no error committed in the affirmance of the case, appellant's motion for rehearing will be overruled.