CLIVE BARNES V. THE STATE.

No. 8898. Delivered May 13, 1925.

Rehearing denied November 18, 1925.

**1.—Receiving and Concealing Stolen Property—Statement of Facts—Must be Signed by Trial Judge.**

Where a statement of facts is not signed and approved by the trial judge, it cannot be considered on appeal. Without a statement of facts

we cannot intelligently pass upon bills of exception, and the cause is affirmed.

ON REHEARING.

**2.—Same—Bill of Exception—Without Statement of Facts—No Error Presented.**

In his motion for rehearing appellant insists that we consider his bills of exception Nos. 2, 3, 4, 8, 9 and 10. In compliance with his request these bills have all been examined, and in the absence of a statement of facts no error is disclosed in any of them, and the motion for rehearing is overruled.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Monroe, Judge.

*W. V. Dunnam, Tom Shires, Burkett, Orr & McCarty,* for. appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of McLennan County for the offense of receiving and concealing stolen property and his punishment assessed at confinement in the penitentiary for a term of four years.

The statement of facts in the case is not signed and approved by the trial judge, and under the authorities we cannot consider it. We have examined very carefully appellant's bills of exception, and regret to say that without the statement of facts, we are unable to determine from them as to whether they disclose any error in the case. It is to be regretted that appellant has been deprived of a statement of facts, as we always prefer to pass on the questions presented, but we are precluded from doing so in this case by reason of the fact that the trial court has not approved the statement of facts.

Finding no error in the record, it is our opinion that the case should be affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that we should consider the statement of facts, saying that same was deliv-

ered to the district judge and county attorney within the time required for filing same. We have before us the certificate of the trial judge and also of the county attorney each stating that said statement of facts was never delivered to either of them, nor seen by either of them until after this case was affirmed in our original opinion.

Appellant insists that regardless of a statement of facts we should consider his bills of exception Nos. 2, 3, 4, 8, 9 and 10. In the light of his insistence we have carefully gone over each of said bills. Bill of exceptions No. 2 is qualified by a statement of the trial court, apparently placed there with the consent of appellant's attorney, which shows beyond question that the bill is without merit.

Bill of exceptions No. 3 presents appellant's objection to a question and statement of the county attorney which, is accompanied by no fact or statement of facts justifying this court in going beyond what we ever do in considering any bill of exceptions, i. e., accept as true the objections made without any showing or certification of the correctness of the facts thus stated as objections.

Bill of exceptions No. 4 complains of a statement made by a witness of matters which for aught we can tell from an inspection of the record, may have been most material to some vital issue in the case. Having no statement of facts before us, and none being stated in the bill other than as set forth in the objections stated, we are left entirely in the dark as to the materiality of said testimony or of its hurtful character.

Bill No. 8 complains because the court refused to strike from the record the testimony last referred to. The bill sets forth a number of statements made by the attorneys for appellant as reasons why the court should strike the testimony from the record. The setting forth of such statements in nowise certifies to their truth or that the facts were as therein stated. Under the unbroken rule of this court a bill of exceptions must be complete within itself and must show not only that the objections were made or reasons offered which if true would support the contention of appellant, but the bill must go further and show that in fact the objections made or reasons offered were statements of truth or of fact.

Complaint in bill No. 9 is of the fact that the county attorney said to the jury, "The defendant didn't come to the garage as an honest man, but he came in a stolen car", and also complains of the fact that a special charge instructing

the jury not to consider this statement was refused by the court. In the absence of a statement of facts we can not tell whether in truth and in fact the accused came to some garage in a stolen car or not. We accept the record before us as speaking the facts and he who complains of it must assume the burden of showing the contrary.

Bill No. 10 is qualified at length by the trial court, said explanation showing fully the setting and surroundings under which the statement made in argument by the county attorney, and here complained of, was made. As set out in said qualification same does not present any error.

We have again reviewed the other bills of exception beside those specifically referred to in the motion for rehearing. As stated in our original opinion, none of them present any error which can be considered by us in the absence of a statement of facts.

The motion for rehearing will be overruled. *Overruled.*