GEORGE MELTON V. THE STATE.

No. 10036.     Delivered March 24, 1926.

1.—Theft, a Misdemeanor—Statement of Facts—Filed Too Late—Cannot Be Considered.

The statement of facts in this record appears to have been filed several weeks after the time allowed by law. Under our statutes unless a statement of facts is filed within the time allowed by the statute, or granted by the trial judge, we are not authorized to consider same.

2.—Same—Continuance—Properly Refused.

Where, on a trial for misdemeanor theft, appellant requests a continuance on account of the absence of two witnesses, one of whom lives outside this state, and no sufficient diligence being shown to secure the attendance of the other, the court properly refused the continuance. The relevancy or materiality of their testimony cannot be determined in the absence of a statement of facts.

3.—Same—Argument of Counsel—Appellant's Failure to Testify—Reference to, Not Shown.

Where complaint is made of the argument of counsel of an indirect reference to the appellant's failure to testify to the effect that certain witnesses testified that they had seen the appellant take a blanket out of the car, and no one had denied it, and the bill fails to show that no other than the appellant was in a position to contradict the witnesses mentioned, no error is shown. Following Pickerell v. State, 82 Tex. Crim Rep. 68, and Boone v. State, 90 Tex. Crim. Rep. 374.

Appeal from the County Court of Lamar County. Tried below before the Hon. W. Dewey Lawrence, Judge.

Appeal from a conviction for theft, a misdemeanor, penalty thirty days in jail.

The opinion states the case.

*Sturgeon & Wiygul* of Paris, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robt. M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is misdemeanor theft, punishment fixed at a fine of twenty-five dollars and confinement in the county jail for a period of thirty days.

We are unable to consider the statement of facts for the reason that it was filed several weeks after the time allowed by law and by order of the trial court.

There is an application for a continuance on account of the absence of two witnesses. One of them, according to the qualification, was not a resident of the state; for the other there was not sufficient diligence. Moreover, the relevancy or materiality of their testimony cannot be determined in the absence of a statement of facts.

There is a complaint of an indirect reference of the appellant's failure to testify. The argument was to the effect that certain witness testified that they had seen the appellant take a blanket out of the car and that no one had denied it. The bill fails to show, and we are unable to determine, in the absence of a statement of facts, that no one other than the appellant was in a position to contradict the witnesses mentioned. Pickerell v. State, 82 Texas Crim. Rep. 68; Boone v. State, 90 Texas Crim. Rep. 374.

Another bill complains of the sufficiency of the evidence. The trial court, after hearing the evidence, having approved the judgment, this court without knowledge of the proof made must assume it to have been sufficient.

*Affirmed.*