CHARLIE KNOX v. THE STATE.

No. 13102.   Delivered November 20, 1929.
Rehearing denied State January 1, 1930.

The opinion states the case.

*Joe W. Taylor* and *Miller & Price,* all of Waco, for appellant.

*Dick Holt,* Cr. Dist. Attorney of Waco and *A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is robbery by the use of firearms; the punishment confinement in the penitentiary for life.

Many bills of exception are brought forward. However, due to the fact that no statement of facts is on file in this court, we are unable to appraise said bills.

It appears that appellant has been deprived of a statement of facts, without fault or neglect on the part of either himself or his counsel. Immediately after giving notice of appeal and receiving sentence appellant filed an affidavit to the effect that he was unable to pay for a transcript of the testimony or give security therefor. The trial court promptly entered an order directing the court reporter to prepare and deliver to appellant a complete transcript of all of the testimony. The matter being called to the attention of the reporter, he prepared a transcript of his notes in question and answer form, which he delivered to appellant. Whereupon appellant filed a written motion with the court calling attention to the fact that he had not been furnished a narrative statement of facts, and praying the court to require the court reporter to prepare and furnish him such statement. This motion was filed several days before the expiration of the time for filing the statement of facts. The court overruled the motion.

Under the terms of Art. 760, C. C. P., when any felony case is appealed and the appellant is not able to pay for a transcript of the testimony or give security therefor, and makes affidavit of such fact, it is incumbent upon the trial court to order the official court reporter to make a narrative statement of facts and deliver it to the

appellant. The provisions of this article are mandatory. The trial court failed at any time to order the court reporter to make and deliver a narrative statement of facts to appellant. The most that was done was to direct the court reporter to deliver to appellant a transcript of the testimony. In this state of the record, we are constrained to hold that appellant, without neglect or fault on his part or the part of his counsel, has been deprived of a statement of facts. Hence it becomes our duty to order a reversal. Ballinger v. State, 8 S. W. (2d) 159; Gilley v. State, 13 S. W. (2d) 706; Banks v. State, opinion No. 13036, decided Nov. 6, 1929.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State contends, in support of its motion, that when appellant filed his affidavit of inability to pay the costs of a statement of facts or to give security therefor, that the trial court acted in accordance with law in directing and ordering the court reporter to make out and deliver to the accused a complete transcript of all the testimony of the witnesses in this cause. The affidavit of the court reporter is attached to the motion in which he sets out fully various conversations had by him with the attorney who was appointed by the court to represent appellant on the trial in the court below, the substance of which was that said attorney would be satisfied with a transcription of the testimony in question and answer form, and that he expected to file same in the appellate court and ask them to consider same as a proper statement of facts. It is further set out in said affidavit that the transcript in question and answer form of the testimony introduced upon the trial of this case, was finished and delivered about September 1, 1929, and that it was about October 2, 1929, when the affiant had it brought to his attention that the appellant herein had filed a motion for a narrative statement of facts, at which time affiant informed the attorney for appellant that under the circumstances and because of the press of other duties it would be impossible to comply with the motion filed by appellant on October 2 requesting that the court direct the stenog-

rapher to prepare and deliver to appellant a narrative form statement of the facts herein.

Subdivision 6 of Art. 760 of the 1925 C. C. P., seems to contain two separate and distinct provisions relative to the rights of the accused to a statement of facts under the circumstances therein set forth. Art. 494, C. C. P., provides that in capital cases when the accused is arraigned, if it appear that he has no counsel and is too poor to employ same, the court shall appoint one or more practicing attorneys to defend him. Said subdivision 6 of Art. 760, supra, provides as follows:

"In all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action, such reporter (meaning the official court stenographer) shall be required to furnish the attorney for said defendant, if convicted and where an appeal is prosecuted, with a transcript of his notes."

This is one provision, and is applicable regardless of the making of any affidavit by the accused of inability to pay or give security, as is elsewhere provided in said subdivision. The provision of the statute just referred to, would seem to be complied with by the giving to said attorney the transcribed testimony in question and answer form. We find in said subdivision above referred to another provision which is as follows:

"When any felony case is appealed and the defendant is not able to pay for a transcript of the testimony or give security therefor, he may make affidavit of such fact, and upon the making of such affidavit, the court shall order the official court reporter to make *a narrative statement of facts* and deliver it to such defendant."

It has long been the settled rule of this court under the statutes and its decisions not to consider a statement of facts filed in this court which is in question and answer form, but such statement when filed here must be in narrative form.

We might easily analyze the provisions of said subdivision for the purpose of showing a clear distinction in the minds of the legislative body in enacting the two provisions above referred to. The one first above quoted might have intended to provide a question and answer statement of facts to be used by the attorney for the accused who has been appointed, in the preparation of the case for appeal; such as the drawing of bills of exception, etc. In view of the settled rule that the legislature is supposed to draft enactments having in mind established rules and prior decisions of the courts, and that long before the enactment of Art. 760, supra,

it was the established rule of this court not to consider statement of facts except they be in narrative form, we must conclude that in the enactment of that part of said subdivision 6 first above quoted, the legislature did not intend to provide for the preparation and delivery to the attorney of one who has been appointed to defend, of a question and answer transcription of the testimony, expecting and intending that same should be filed as a statement of facts in the appellate court.

It is to be regretted that upon the making of the motion on October 2nd, following the affidavit of inability to pay or secure the payment for a narrative statement of the facts, that the distinction between the two statements as herein above outlined, was not recognized.

Appellant having made his motion in due time setting out that he was unable to pay for a narrative statement of facts or give security therefor, and having brought the same to the attention of the trial court in abundant time for the preparation of such narrative statement thereafter, and a narrative statement having been refused him, we are of opinion that the rights of the accused were denied him, and that the opinion of reversal was correct.

We might call attention in this connection to the fact that even if the duties of the court stenographer were so heavy as to make it impossible for him to prepare and file a narrative statement of facts after the filing of the motion of appellant on October 2nd,—and prior to the time this case should have been filed in the appellate court, this would be no sufficient excuse for the refusal of such court stenographer, for it is a well settled rule of this court that a showing may be made here of a sufficient excuse for not filing a narrative statement of facts within ninety days after the overruling of the motion for new trial, and upon such sufficient showing this court has considered statements of facts filed after the expiration of the ninety days.

Being of opinion that the State's motion is without merit, same will be overruled.

*Overruled.*

HAWKINS, J., absent.