ELMER MAYO v. THE STATE.

No. 13217. Delivered April 9, 1930.
Rehearing denied May 14, 1930.
Reported in 27 S. W. (2d) 811.

The opinion states the case.

*Gentry & Gray* of Tyler and *Jones & Jones* of Mineola, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Motion for new trial was overruled on July 5, 1929, at which time an order was entered giving to appellant ninety days in which to file statement of facts and bills of exception. Such period expired October 3, 1929. The statement of facts and bills of exception were filed October 12, 1929, which was too late. Art. 760, C. C. P.; Tillar v. State, 13 S. W. (2d) 368.

In sentencing appellant, the court failed to make application of the Indeterminate Sentence Law. The judgment and sentence are reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for not less than one nor more than two years.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—Appellant brings forward a supplement transcript which contains his exceptions to the court's charge. As pointed out in the original opinion, the statement of facts was filed too late and is not entitled to consideration. Whether the matters complained of constitute reversible error depends upon a consideration of the evidence. Texas Jurisprudence, vol. 4, p. 239.

The motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.