TOM ROBERSON v. THE STATE.

No. 13633. Delivered November 5, 1930.
Reported in 32 S. W. (2d) 478.

The opinion states the case.

*Carl T. Harper* of Madisonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for a period of two years.

State's Attorney objects to the consideration of the statement of facts for the reason that same was not filed within the time prescribed by law. Under the law the term of court could last no longer than six weeks. The court adjourned on the 15th day of February. Prior thereto, on the 17th day of January, the appellant gave notice of appeal, which was entered of record. The court, by order, allowed eighty days after adjournment within which to file the statement of facts. On the 3rd of May, the court entered another order extending the time ten days. The statement of facts was filed on the 5th day of May, which was 108 days after notice of appeal was entered, though but 79 days after adjournment. The effect of subd. 5, Art. 760, C. C. P., 1925, is to declare that to require the consideration on appeal of a statement of facts, it must be approved and filed not more than ninety days after notice of appeal was entered. This applies whether the term of court is required to end in eight weeks or may continue longer. See Mayo v. State, 27 S. W. (2d) 811; Tillar v. State, 13 S. W. (2d) 368; Crowder v. State, 9 S. W. (2d) 1042. On the facts before it, this court is not permitted to consider the statement of facts.

No questions of law other than the sufficiency of the evidence are presented for review. We will add, however, that we have read the statement of facts and deem the evidence sufficient to support the verdict.

The judgment is affirmed.

*Affirmed.*

HAWKINS, J., absent.