### T. N. WEBB v. THE STATE.

No. 14223. Delivered April 1, 1931.

The opinion states the case.

*E. B. O'Quinn,* of Marfa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was indicted in the district court of Hockley county, Texas, and convicted on the first count of the indictment charging the unlawful transportation of intoxicating liquor. Punishment was assessed at one year in the penitentiary. Sentence was duly passed, excepted to and notice of appeal given and this cause is regularly before this court on appeal and for review.

There is no statement of facts or bill of exception in this record and the only matters that can be considered on this appeal relate to alleged errors in the charge of the trial court called to our attention in appellant's brief.

One of the objections to the charge of the court to the jury was the refusal to give a requested peremptory instruction to acquit the appellant. Also objection to all portions of the court's charge on principal offenders, especially to paragraphs 4 and 5 because the evidence herein does not raise the issue. These propositions cannot be considered in the absence of a statement of facts and the court can only look to the language of the charge as written and determine whether or not the court's charge presented fundamental error.

Appellant objected to that part of the court's charge on principals, which read as follows:

"You are instructed that all persons are principals who are guilty of acting together in the commission of an offense."

Appellant objected to this language because the court infers that an offense has been committed herein, and in effect so instructs the jury. The charge on principals is in the language of the statute and a charge in the language of the statute is correct where the evidence supports the theory presented. Branch's P. C., sec. 686; Grimsinger v. State, 44 Texas Crim. Rep., 1, 69 S. W., 583; Slain v. State, 145 S. W., 367; Espinoza v. State, 165 S. W., 214.

Appellant also objects to paragraph 3 of the court's charge defining the word "transport" as follows:

"As used in this charge the word 'transport' means to carry or to convey anything from one place to another."

This was objected to on the ground that same is an incorrect statement of the law, prejudicial to the appellant and authorized a conviction of appellant whether or not he transported spiritous liquors on the occasion as charged in the indictment.

The court was merely defining what was meant by the word "trans-

port" as used in another paragraph of the court's charge. If it was necessary for the court in this case to give a definition of the word "transport", the definition given was substantially correct and presents no reversible error. Lee v. State, 95 Texas Crim. Rep., 654.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.