The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

## PETERS v. STATE.
No. 14905.

Court of Criminal Appeals of Texas.

Feb. 17, 1932.

E. B. Simmons, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Conspiracy to make a false instrument with intent to defraud is the offense, as denounced by title 19, chapter 1 (arts. 1622–1629), P. C. 1925; penalty assessed at confinement in the penitentiary for two years.

The trial took place at a term of the district court of Webb county which adjourned on the 4th day of July, 1931. Notice of appeal was entered on the same day.

There are a number of bills of exception in the record which were filed in the trial court on the 3d day of October, 1931. On the same day, the statement of facts was filed with the clerk of the trial court.

The state's attorney before this court objects to the consideration of the statement of facts and bills of exception upon the ground that the statute, article 760, subd. 5, C. C. P. 1925, precludes the consideration of bills of exception and statement of facts filed more than ninety days after notice of appeal is entered. The statute is specific in declaring that unless the statement of facts or bills of exception are filed within ninety days from the date of notice of appeal, they cannot be considered. Such is the practice followed in this court, unless the delay is shown to have resulted from some cause not within the control of the appellant and not due to lack of diligence upon his part. The subject is treated in Vernon's Ann. Tex. C. C. P. vol. 3, p. 110, note 36. See also supplement to the volume mentioned, page 20, note 36, citing many cases, including Artho v. State, 108 Tex. Cr. R. 463, 1 S.W.(2d) 629; Brown v. State, 111 Tex. Cr. R. 612, 13 S.W.(2d) 372; Roberson v. State, 116 Tex. Cr. R. 273, 32 S.W.(2d) 478.

Without knowledge of the evidence heard, this court is not in a position to review the complaints of the rulings of the trial court.

There being nothing in the record authorizing a reversal of the judgment, we are compelled to order its affirmance.

## HARDY v. STATE.
No. 14726.

Court of Criminal Appeals of Texas.

Jan. 13, 1932.

Rehearing Denied March 2, 1932.

Davenport & Crain, of Wichita Falls, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

**MORROW, P. J.**

Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

A report of the evidence heard upon the trial is not brought up for review. No bills of exception are found in the record.

 The effect of the refusal of requested special charges cannot be appraised in the absence of knowledge of the facts developed upon the trial.

 The motion for new trial is based upon the rulings of the court in the development of the evidence. In the absence of the evidence or the bills of exception embracing it, the record is not in a condition for review.

The judgment is affirmed.