EDUARDO OLIVARES v. THE STATE.

No. 15286. Delivered June 1, 1932.
State's Rehearing Granted June 22, 1932.
Appellant's Rehearing Denied October 12, 1932.
Reported in 53 S. W. (2d) 305.

The opinion states the case.

*E. T. Simmang, Jr.,* of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is malicious prosecution; the punishment, a fine of $100.

The complaint recites that affiant has good reason to believe, etc., but omits the phrase "and does believe." The inclusion of this last named allegation is statutory. Article 222, subd. 2, C. C. P. Its omission renders the complaint fatally defective. Ward v. State, 121 Texas Crim. Rep., 260, 21 S. W. (2d) 297, and authorities cited.

The complaint is further defective in failing to follow the language of article 1298, Penal Code, defining the offense. This article reads as follows: "Whoever * * * with intent to vex, harass or injure such person, shall institute or cause to be instituted any criminal prosecution against such other person, shall be fined not less than one hundred nor more than one thousand dollars, or be confined in jail not less than one month nor more than one year."

If appellant instituted the criminal prosecution there is no averment in the complaint to such effect. If appellant caused the prosecution to be instituted, there is no averment to that effect.

The judgment is reversed and the prosecution ordered dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now properly made to appear that the complaint was not correctly copied in the transcript. A supplemental transcript, duly certified, shows that the complaint in fact contained an averment that "affiant has good reason to believe, and does believe," etc. Further, the complaint contained an allegation to the effect that appellant caused the criminal prosecution to be instituted. It was because of the omission of the averments to which reference has been made that the judgment was reversed and the prosecution ordered dismissed.

The statement of facts is in question and answer form, embracing colloquies between the judge and counsel, and rulings of the court on the evidence. It was authenticated by the trial judge on March 21, 1932, and filed in the trial court on the same date. Chapter 34, Acts of the Forty-second Legislature, First Called Session (1931), requiring that the statement of facts be in narrative form as theretofore demanded by the provisions of article 760, C. C. P. (Vernon's Ann. C. C. P., art. 760,

subd. 1), and article 2237, Revised Civil Statutes, 1925 (Vernon's Ann. Civ. St., art. 2237, subd. 2a), became effective August 17, 1931. Thus it is seen that the statement of facts was approved approximately seven months after the enactment of chapter 34, requiring that the statement of facts be in narrative form. This court has repeatedly held that, under the statute, it is not authorized to consider a statement of facts in question and answer form. Ishmael v. State, 100 Texas Crim. Rep., 253, 272 S. W., 794, and authorities cited. There are in the record several bills of exception which we are unable to appraise in the absence of a statement of facts.

The state's motion for rehearing is granted, the judgment of reversal set aside, and the judgment of the trial court affirmed.

*Granted.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant insists that two of his bills of exception present matters which could be considered by this court even without a statement of facts. The bills in question have been examined. Bill of exception No. 4 complains that the state's attorney erred in telling the jury that when a codefendant of appellant told the prosecuting witness that he did his fighting in the court room, he meant the fight that is before the jury now. It will appear obvious that unless in some way we knew what said codefendant had stated to the prosecuting witness, and could get some light upon the propriety of said argument, it would be impossible for us to appraise same. The same principle is involved in bill of exception No. 5. This court cannot say that the state's attorney was in error in telling the jury that the only question for them to decide was whether appellant stole a planter or the prosecuting witness stole same. The above is the only contention made in the motion, which is overruled.

*Overruled.*