GEORGE B. OLIVER V. THE STATE.

No. 15784.   Delivered April 5, 1933.
Rehearing Denied May 24, 1933.
Reported in 60 S. W. (2d) 234.

The opinion states the case.

*Theodore Andress,* of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, malicious prosecution; the punishment, a fine of $100.

The statement of facts is in question and answer form. It has long been the settled rule of this court under the statute and decisions not to consider a statement of facts filed in this court which is in question and answer form, but such statement of facts when filed here must be in narrative form in order to be considered.   Knox v. State, 113 Texas Crim. Rep., 373, 22 S. W. (2d) 932; Hines v. State, 50 S. W. (2d) 823.

There are two bills of exception in the record which complain of the trial court's refusal to instruct a verdict of not guilty because of the insufficiency of the evidence.   In the ab-

sence of a statement of facts which we are auhorized to consider, the sufficiency of the evidence must be presumed. Nothing appears in the bills of exception which enables us to determine, in the absence of a statement of facts, that error was committed. The trial court having heard the evidence and having approved the judgment, this court without knowledge of proof made must presume its having been sufficient. See Texas Juris., vol. 4, sec. 169; Melton v. State, 103 Texas Crim. Rep., 590; Steed v. State, 104 Texas Crim. Rep., 579.

Complaint is also made by two bills of exception of the argument of the prosecuting attorney which the appellant contends was without basis in the evidence. The court qualifies both of said bills to the effect that said argument was in answer to the argument of the defense counsel, and there was no objection to said argument at the time it was made and no request for an instruction to the jury not to consider the argument, and the defendant's objection was first made and the question first raised in his motion for new trial. No error is shown by said bills. See Branch's Ann. P. C., secs. 361 and 363, and authorities cited.

Finding no reversible error as presented by the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant has filed with the clerk of this court a statement of facts in narrative form, which appears to have been filed in the trial court on April 17, 1933, considerably more than ninety days after the notice of appeal in this case was given. In his motion appellant seeks to have this statement of facts considered, because he says he was under the impression that the law, as amended in 1931, applicable to statements of facts in civil cases, applied also in criminal cases. In some cases tried soon after the enactment of the civil statute relating to statement of facts, where it appeared there might be some excuse for the confusion, we considered statement of facts in question and answer form, but chapter 34, Acts First Called Session, 42d Legislature, specifically stating that said amendment of the civil statutes had no application in criminal cases, was enacted more than a year before this case was tried, and attention had been called by this court to the

amendment in a number of cases. See Ray v. State 49 S. W. (2d) 763; Olivares v. State, 53 S. W. (2d) 305; Mitchell v. State, 54 S. W. (2d) 107. We regret that we can not consider the statement of facts.

The motion for rehearing will be overruled.

*Overruled.*