J. LEE v. THE STATE.

No. 15777. Delivered May 17, 1933.
Rehearing Denied June 14, 1933.
Reported in 61 S. W. (2d) 832.

The opinion states the case.

*Wm. McMurrey,* of Cold Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, theft of cattle; the punishment, two years in the penitentiary.

The statement of facts is in question and answer form. It has long been the settled rule of this court under the statute and decisions, not to consider a statement of facts filed in this court which is in question and answer form, but such statement of facts when filed here must be in narrative form in order to be considered. Knox v. State, 113 Texas Crim. Rep., 373, 22 S. W. (2d) 932; Hines v. State, 50 S. W. (2d) 823.

The appellant complains of the trial court's refusal to instruct a verdict of not guilty because of the insufficiency of the evidence. In the absence of a statement of facts which we are authorized to consider, the sufficiency of the evidence must be presumed. Nothing appears in the bills of exception complaining of said action which enables us to determine in the absence

of a statement of facts that error was committed. The trial court having heard the evidence and having approved the judgment, this court without knowledge of proof made must presume its having been sufficient. See Tex. Juris., vol. 4, sec. 169; Melton v. State, 103 Texas Crim. Rep., 590; Steed v. State, 104 Texas Crim. Rep., 579.

Appellant also excepted to the main charge of the court for its failure to give a charge on circumstantial evidence. The propriety of the court's action in refusing to give a charge on circumstantial evidence depends upon or requires a consideration of the evidence, and, in the absence of a statement of facts which we are authorized to consider, we cannot determine whether or not error was committed in refusing to charge on circumstantial evidence. See Tex. Juris., vol. 4, sec. 171; Bolten v. State, 88 Texas Crim. Rep., 432, 227 S. W., 326.

There are other bills of exception to the courts charge, none of which can be appraised in the absence of a statement of facts. See Tex. Juris., vol. 4, p. 239; Mayo v. State, 27 S. W. (2d) 811; Webb v. State, 37 S. W. (2d) 753.

There are several bills of exception as to the admission and exclusion of certain testimony. None of said bills have been so drawn as to demonstrate that the ruling was erroneous and was calculated to injure the accused, and therefore, in the absence of a statement of facts, we are unable to say that error has been committed. Tex. Juris., vol. 4, sec. 168.

Among the grounds set up in appellant's motion for new trial was that of newly discovered evidence. Attached to said motion for new trial were the affidavits of several witnesses. Said motion was contested by the state. It is recited in the order overruling the motion for new trial that evidence was heard thereon by the trial court. Even if the averments of said motion were of that convincing character necessary in order to make same newly discovered, we would have to hold against the appellant's contention because neither by bill of exception nor by statement of facts duly approved and brought forward in the record is the testimony heard by the court when the motion for new trial was presented, preserved or brought here. We must therefore indulge the presumption that the court's action in overruling the motion in so far as it was based on newly discovered evidence was correct, and that the trial court acted upon evidence which was sufficient to justify his action. See Scroggins v. State, 112 Texas Crim. Rep., 543, 17 S. W. (2d) 829; Sykes v. State, 109 Texas Crim. Rep., 39, 2 S. W. (2d) 863; Crouchette v. State, 99 Texas Crim. Rep., 572, 271 S. W., 99; Hughey v. State, 98 Texas Crim. Rep., 413, 265

S. W., 1047.

Finding no reversible error as presented by the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE. — This judgment was affirmed on May 17, 1933. As part of his motion for rehearing, appellant presents a statement of facts in narrative form, which does not appear to have been filed in the trial court at any time. We are asked to consider this statement of facts. We are without power or right to do so.

Appellant's attorney generously assumes responsibility for the original statement of facts in question and answer form, which we could not consider, as stated in our original opinion. Said attorney sets up in the motion for rehearing that he had been misled by the new laws relating to the preparation of statements of facts, and also by section 1 of article 760 of the 1925 Code of Criminal Procedure, which provided, when enacted, that, in case of the refusal of a new trial in a criminal case, a statement of facts should be made, agreed to, approved and certified as in civil suits. We are sorry we can not comply with appellant's request and consider the narrative statement of facts which accompanies the motion for rehearing. By the terms of sections 6 and 7 of chapter 34, Acts First Called Session, 42nd Legislature, which became effective August 17, 1931, it is specifically provided that subdivision 1 of article 760, Code of Criminal Procedure, 1925, be amended so as to read as follows: "Where the defendant in a criminal case appeals, he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form." This law was in effect at the time this case was tried in August, 1932. The bringing before this court on appeal a statement of facts in question and answer form, was in direct violation of the commands of the statute.

An appeal made to us based on stringency of finances greatly appeals to us, but we can not set aside the provisions of the statute.

Being unable to consider the statement of facts, the motion for rehearing is overruled.

*Overruled.*