HASKELL BROWN V. THE STATE.

No. 20214. Delivered February 22, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*Gray & Pope,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of felony theft, and awarded a penalty of eight years in the penitentiary.

There are but two propositions presented to us for review. It seems that appellant acted as his own attorney in the trial hereof, and only employed counsel after his conviction. There is one bill of exceptions in the record, and that relates to the district attorney's argument to the jury in which he is alleged to have said: "I tell you, Gentlemen of the Jury, that you are not dealing with an amateur in this case, but you are dealing with a professional, a hardened criminal, and a man who has been before the court before, and knows how to play on your sympathies, and a man who deserves and merits, at the hands of this jury, a maximum penalty and ought to get it." The court approved this bill with the following qualification: "Immediately after the argument was made by him I called on the district attorney to stay in the record and instructed the jury orally not to consider that part of the argument of the district attorney for any purpose."

There is no statement of facts in the record, and under such a condition we do not feel called upon to say that such an argument was unjustified and not borne out or called for by the facts.

The absence of the statement of facts constitutes the remaining complaint herein. It is shown by the record that this cause was tried before a special judge elected by the members of the bar, and that after the overruling of his motion for a new trial the appellant gave notice of appeal, and thereafter filed an affidavit of his inability "to pay for the cost of perfecting said appeal, or any part thereof, or give security therefor, and further that he is a pauper without funds of any kind whatsoever." Appellant's attorney's contention is that through no fault of his own or that of appellant, his client has been deprived of his statement of facts upon his appeal, and submits an affidavit by him endeavoring to show such fact. In such affidavit he states that he was employed after this conviction, and prepared the affidavit of inability to pay costs or furnish security therefor, and called it to the attention of the court reporter, who refused to prepare such statement without payment therefor, and "upon her refusal to make up such statement of facts, I attempted to get in touch with Walter G.

Russell, Judge of the Seventh Judicial District, but was *unable to locate him."* The law demands of one who files such an affidavit, or his attorney, some diligence to procure his statement of facts more than the mere filing of the affidavit. See Sisson v. State, 92 Texas Crim. Rep. 601, 244 S. W. Rep. 1012, and cases there cited; Gonzales v. State, 76 Texas Crim. Rep. 493, 175 S. W. Rep. 706; Murphy v. State, 91 S. W. (2d) 738; 4 Tex. Jur., p. 418.

We quote from Murphy v. State, supra: "On the subject in question the courts have declared that the burden is upon the accused to be diligent in his efforts to have a statement of facts prepared by the court reporter." The only statement relating to a showing of diligence upon the part of appellant is in his attorney's affidavit, which says that he attempted to get in touch with the district judge and was unable to locate him. This affidavit of inability to pay costs, etc., was filed on July 26, 1938, the appellant was sentenced on July 23, 1938, and it seems to us that the appellant has not evidenced any diligence in calling this matter to the trial court's attention,. and we would not be justified in reversing this case on account of a deprivation of the statement of facts.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant only urges that the argument of the district attorney calls for a reversal.

.It is the general rule that in the absence of a statement of facts complaint of argument can not be appraised and presents no ground for reversal. Karels v. State, 91 Tex. Cr. R. 262, 243 S. W. 985; Barnes v. State, 102 Tex. Cr. R. 20, 277 S. W. 128; Olivares v. State, 121 Tex. Cr. R. 261, 53 S. W. (2d) 305; Phillips v. State, 125 Tex. Cr. R. 578, 69 S. W. (2d) 415; Harris v. State, 91 Tex. Cr. R. 494, 239 S. W. 971.

Appellant brings forward, presumably in aid of his bill complaining of argument, what purports to be the evidence heard on motion for new trial. It does not appear to have been agreed to by the attorneys or approved by the trial judge. The certificate of the court reporter does not take the place of an authentication of the trial judge, which is indispensable.

The motion for rehearing is overruled.