

**Office of the Attorney General**
**State of Texas**

DAN MORALES
ATTORNEY GENERAL

May 2, 1994

Honorable Roy C. Turcotte
Kenedy County Attorney
P.O. Box 186
Sarita, Texas 78385

Opinion No. DM-291

Re:  Whether a Kleberg County grand jury
is authorized to return an indictment for an
offense that was committed in Kenedy
County   (RQ-626)

Dear Mr. Turcotte:

You ask, in essence, whether a Kleberg County grand jury is authorized to return
an indictment for an offense that was committed in Kenedy County.  You explain that
hundreds of people are detained for illegal activities at the United States customs
checkpoint in Kenedy County each year.  Frequently, detainees are turned over to state
and local law enforcement officers for arrest and prosecution.  Typically, such a detainee is
taken to Kleberg County where bail proceedings are held and the case is presented to a
grand jury.  At arraignment, defendants who plead guilty usually consent to venue in
Kleberg County.  If a defendant objects to venue in Kleberg County, the indictment is
dismissed, and the case is transferred to Kenedy County for presentation to a Kenedy
County grand jury.

Grand juries are authorized by several provisions of the Texas Constitution, but
none of these provisions defines the scope of their inquiry.  *See* Tex. Const. art. I, § 10;
art. V, §§ 13, 17; art. XVI, § 19; *see also* Attorney General Opinion M-1171 (1972) at 1.
Grand jury duties are set forth in chapter 20 of the Code of Criminal Procedure.  Article
20.09 provides that "[t]he grand jury shall inquire into all offenses liable to indictment of
which any member may have knowledge, or of which they shall be informed by the
attorney representing the State, or any other credible person."  Neither this provision nor
any other article in chapter 20 limits a grand jury to returning indictments for offenses
committed in the county.  On the other hand, no provision in chapter 20 expressly states
that a grand jury is authorized to return an indictment for an offense committed in another
county.  Thus, to answer your question, we look to the role of the grand jury in the larger
criminal justice scheme, particularly its relationship to the venue statutes set forth in
chapter 13 of the Code of Criminal Procedure.

Kleberg, Kenedy, and Nueces Counties comprise a multicounty judicial district, the
105th Judicial District.  *See* Gov't Code § 24.207.  With certain exceptions, district courts
have original jurisdiction over felony cases.  Tex. Const. art. V, §§ 1, 8; Code Crim. Proc.
§ 4.05.  Whereas jurisdiction goes to a court's authority to hear a case, venue has to do
with the county where a case may be tried.  *Etchieson v. State*, 574 S.W.2d 753, 759

(Tex. Crim. App. 1978), *cert. denied,* 440 U.S. 936 (1979). Venue is governed by statute. Generally, if venue is not specifically provided for by statute, the proper county for the prosecution of an offense is the county in which the offense was committed. Code Crim. Proc. art. 13.18.

The legislature has, in the case of some offenses, specifically provided for venue in counties other than the county where the offense was committed. For example, article 13.22 of the Code of Criminal Procedure provides that the offense of possession or delivery of marihuana may be prosecuted in the county where the offense was committed or, with the consent of the defendant, "in a county that is adjacent to and in the same judicial district as the county where the offense was committed." In addition, article 13.20 of the Code of Criminal Procedure provides for venue by consent in certain circumstances:

> The trial of all felony cases, without a jury, may, with the consent of the defendant in writing, his attorney, and the attorney for the state, be held in any county within the judicial district or districts for the county where venue is otherwise authorized by law.

We also note that the legislature has provided that when an offense may be prosecuted in either of two or more counties, "the indictment may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was actually committed." Code Crim. Proc. art. 21.06; *see also Rushing v. State,* 546 S.W.2d 610 (Tex. Crim. App. 1977) (holding that it was not error for indictment to aver that the offense occurred in Dallas County when offense actually occurred in another county within four hundred yards of the Dallas County line).

Under common law, venue was fixed in the county where an offense was committed, and grand juries generally were limited to inquiring into offenses committed within the county. *See* 41 AM. JUR. 2d *Indictments and Informations* § 15, at 890; *State v. Lewis,* 55 S.E. 600, 603-04 (N.C. 1906) (citing 4 W. BLACKSTONE, COMMENTARIES *303); *Nichols v. State,* 12 S.W. 500 (Tex. Ct. App. 1889). We are aware, however, of no constitutional or statutory prohibition against a grand jury returning an indictment for an offense which was committed outside the county but for which venue in the county would be proper. *See* 22 TEX. JUR. 3d *Criminal Law* § 1933, at 75-76 (1982) ("there is no provision of the state or federal constitution prohibiting the legislature from authorizing a prosecution in a county other than the one where the offense was committed") (citing *Treadgill v. State,* 275 S.W.2d 658 (Tex. Crim. App. 1954)); *State v. Bullock,* 79 So. 337, 338 (Fla. 1918). We believe that when the legislature provides for venue in a county with respect to a particular kind of offense, it also necessarily authorizes a grand jury in that county to return an indictment for such an offense. For example, because section 13.22 of the Code of Criminal Procedure provides for the prosecution of the offense of possession or delivery of marihuana, with the consent of the defendant, in a county that is adjacent to and in the same judicial district as the county where the offense was committed, a grand jury in such a county may properly return an indictment for such an offense. *See generally*

*Gonzales v. State*, 175 S.W. 706 (Tex. Crim. App. 1915) ("The general rule where not otherwise fixed by statutory enactment, is that the county in which the offense is committed alone has jurisdiction. The statute may change this order, and in many cases has done so."); *see also Willard v. State*, 87 S.W.2d 269, 271-73 (Tex. Crim. App. 1935) (on motion for rehearing) (explaining *Gonzales*, 175 S.W. 706).[1]

You express the concern that "[i]f it is the rule of law that the jurisdictional authority of a grand jury is coextensive with the territorial jurisdiction of the court for which it services in a multicounty judicial district, then this logic would seem to authorize a grand jury to investigate activities in *any* county within the judicial district. Conceivably then, a Kenedy County grand jury could investigate and return indictments for offenses occurring in Nueces or Kleberg counties." Your concern overlooks the fact that the legislature, in enacting the venue statutes, has necessarily authorized a grand jury to return indictments for certain offenses committed outside the county.[2]

For the foregoing reasons, we conclude that a Kleberg County grand jury may return an indictment for an offense committed in Kenedy County provided that venue would lie in Kleberg County. We do not determine whether a Kleberg County grand jury would be authorized to return an indictment for a particular offense committed in Kenedy County because you have not specified the types of offenses committed in Kenedy County for which the Kleberg County grand juries have returned indictments. Furthermore, the determination whether it is appropriate for a grand jury to return an indictment for a particular offense committed in another county must be made on a case by case basis.

---

[1]We do not believe that *Pigg v. State*, 160 S.W. 691 (Tex. Crim. App. 1913), a case you cite in your letter, is to the contrary. In that case, the court concluded that the grand jury had the right to inquire only about "offenses committed in Hamilton county or *that could be prosecuted in Hamilton county*." *Id.* at 693 (emphasis added). This statement is fully consistent with our conclusion here. *Rodgers v. County of Taylor*, 368 S.W.2d 794, 796 (Tex. Civ. App.--Eastland 1963, writ ref'd n.r.e.), involves whether payments to a court reporter for transcribing a grand jury proceeding constituted a proper county expense. *In re May 1972 San Antonio Grand Jury*, 366 F. Supp. 525 (W.D. Tex. 1973), deals with the authority of a federal grand jury. Neither of the latter two cases is dispositive of the issues considered here.

[2]Because the situation you describe does not raise the question, we do not consider here whether a grand jury would have the authority to inquire into offenses committed outside the county for which the legislature has not provided venue in the county. For the same reason, we do not consider whether an indictment would be valid if it were returned by a grand jury for an offense committed outside the county for which the legislature has not provided venue in the county.

## S U M M A R Y

A Kleberg County grand jury may return an indictment for an offense committed in Kenedy County for which venue in Kleberg County is proper. The determination whether it is appropriate for a grand jury to return an indictment for a particular offense committed in another county must be made on a case by case basis.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

WILL PRYOR
Special Counsel

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General