### Cleve Barnes v. The State.

No. 10049. Delivered March 31, 1926.

Rehearing denied June 9, 1926.

**1.—Receiving and Concealing Stolen Property—Requested Charge—Properly Refused.**

Where, on a trial for receiving and concealing stolen property, the fourth count in the indictment which was submitted to the jury charged

the receiving of the property from unknown *persons*, the special charge requested by appellant to the effect that they must find that the property was received from more than one person, was properly refused. The rule which makes the singular include the plural, and the plural include the singular, applies in this case.

### 2.—Same—Communication With Jury—Not Improper.

Where the court makes answer verbally to a question asked by the jury during their retirement, at the suggestion of counsel for appellant, he will not be heard to complain of the action of the court, and there was no error, after answering their question verbally, in refusing to give them a written answer, at the request of appellant.

#### ON REHEARING.

### 3.—Same—Venue—Properly Proven.

Where, on a charge of receiving and concealing a stolen automobile, the evidence sufficiently established that the car was stolen by one Barnes and Wells in Stephens County, and was received and concealed by appellant, knowing that it had been stolen, either in Stephens County or Palo Pinto County, the venue was properly laid and supported by the proof, in Stephens County. Mooney v. State, 164 S. W., has been overruled. Following Barnes v. State, No. 9893, citing Mosely v. State, 35 Tex. Crim. Rep. 210.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for theft of an automobile, penalty two years in the state penitentiary.

The opinion states the case.

*V. L. Shurtleff*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the state.

BERRY, JUDGE.—The offense is receiving and concealing stolen property, and the punishment is two years in the penitentiary.

There are contained in the record four special charges, each of which we have concluded were properly refused by the court. The first two of these were in effect peremptory instructions to acquit the defendant and the third sought to have the jury told that as the indictment charged the receiving of the property in the fourth count from unknown persons that the jury must therefore find that he received the stolen car from more than one person before they could convict. This is not a correct statement of the law. On the contrary, we

think the rule which makes the singular include the plural and the plural singular applies in this case.

The other special charge found in the record is fully covered in the court's main charge.

There is some complaint at the court's action concerning a question which the jury sought to ask the court. The court qualifies this bill by stating that the answer given by the court to said question was at the suggestion of counsel for the defendant and that the special charge asked by appellant answering this question was offered after the question had been so answered by the court. Under this condition of the record, we think no error is shown.

The only matter that has presented any difficulty in this case is as to the sufficiency of the evidence. We have studied the statement of facts very carefully and while the evidence is not as strong as it might be, yet we have reached the conclusion that it is sufficient to support the verdict.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, Presiding Judge, absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The Ford automobile of Chambers was stolen. It had been parked near a church at night. Two men were seen moving it, and about the time or just before it was moved, A. F. Barnes was seen near where the car was parked. It was taken from Stephens County, and later found in Palo Pinto County. When found it was in a remote place and was without gasoline. After discovering it, the officers watched it. After observing it for some time, two automobiles came to the place where the car was found. The two cars were occupied by A. F. Barnes, a man by the name of Wells and the appellant. The cars were driven slowly to a point near the stolen car, but were suddenly speeded up and ran over very rough roads. The appellant had obtained a can of gasoline at Strawn, in Palo Pinto County, and had placed it in a Dodge car. When the appellant and his companions in the two cars mentioned left the locality in which the stolen

car was found, the officers pursued them. The appellant and his companions rode over some very rough country until one of the cars was wrecked. It was run into a ditch and abandoned. It was a Dodge car, and in it or near it when found, was a five-gallon can of gasoline. There were other circumstances tending to connect the appellant with the stolen property.

The sufficiency of the evidence is attacked, the contention being that there is no evidence that the appellant received the car from A. F. Barnes. It is true that the evidence is circumstantial, and that the court submitted it upon that theory. The evidence does show that A. F. Barnes was seen at the place from which the car was taken. It affirmatively shows that the appellant was not seen there. It is the theory of the state that the appellant, A. F. Barnes and Wells arrived at the place where the stolen ·car had been left and brought with them a can of gasoline with which to replenish the car. Upon observing the presence of the officers or becoming aware of the fact that they had been there, they fled. There is evidence that two persons acted in taking the car and that the appellant was not present at the time.

The position is taken, however, that the proof is not adequate to show that the appellant's connection with the car began in Stephens County, and that for thta reason the proof is insufficient. The case of Mooney v. State, 164 S. W. 828, in which it was held essential that the state prove the connection of the accused with the stolen car in the county named in the indictment was overruled in the companion case of A. F. Barnes v. State, No. 9893, citing Moseley v. State, 35 Tex. Crim. Rep. 210, and other cases.

Article 248, Vernon's Tex. Crim. Stat., Vol. 2, confers jurisdiction of the offense here charged upon the county in which the theft took place or in any county where it may have been received, or through which it may have been carried. In Art. 257, referring to Art. 248, supra, and others, it is said:

" * * * and, to sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts existing in the case, the county where such prosecution is carried on has jurisdiction."

The effect of the decision in the Barnes case, supra, and in the cases therein cited, is to so interpret the provisions of the statute mentioned that if the property was stolen in Stephens County and afterwards the appellant, with knowledge of the theft, received it in either Stephens or Palo Pinto County, the facts

proved on the trial would control the venue and not the aver-ment laying the offense in Stephens County.

The circumstances are not deemed insufficient to support the finding of the jury that the appellant received the car from A. F. Barnes. The appellant's guilty connection with the car was amply supported by testimony, and there were circum-stances pointing to A. F. Barnes as one of the original takers.

There was no request that the jury be instructed to acquit the appellant of receiving the stolen property if he was one of the takers. From the presence of A. F. Barnes at the time of the taking, the connection of Wells with the transaction, and the appellant's subsequent acts, we think the jury was war-ranted in drawing the inference upon which the verdict was based.

The motion for rehearing is overruled.

*Overruled.*