## D. H. WILLARD V. THE STATE.

No. 17627. Delivered June 19, 1935.
State's Rehearing Denied November 13, 1935.

The opinion states the case.

*A. M. Felts,* of Austin, *Frank Vaughan,* of San Antonio, and *Jack Keller,* of Dallas, for appellant.

*James P. Hart,* Dist. Atty., *E. G. Moorhead,* Asst. Dist. Atty., and *Lloyd W. Davidson,* State's Atty., all of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for issuing and circulating counterfeit cigarette stamps; punishment, twenty years in the penitentiary.

In this case venue of the offense is laid in Travis county, Texas. It is substantially alleged in the indictment that one H. F. Stribling, in Travis county, Texas, issued and circulated one hundred thousand counterfeit stamps, * * * in this, to-wit: that the said H. F. Stribling did then and there sell said stamps to Earl E. Bower, etc. The indictment was attacked as ambiguous and indefinite, and also on the ground that the words used, viz: issue,—circulate,—sell,—were not the same in meaning, or synonymous, or equivalent, and that the averment that Stribling issued and circulated said stamps was not sustained or borne out by the further allegation that by selling them, he thereby issued and circulated same. It is manifest from an inspection of the act creating the offense alleged to have been committed here,—that it does not make selling such stamps eo nomine a violation of the law, but does make the issuance or circulation of such. stamps a crime. We are reluctantly compelled to agree with appellant's contention in regard to the indictment.

According to the lexicographers a thing is issued when it

is sent out, or caused to go forth or to be delivered; with other meanings not applicable. Also a thing circulates when it passes,—as from one person or place to another person or place,—or spreads, as a report or tale. The word "Sell" has no such meaning, nor is either of these three given as a synonym of any of the others. If the averment in this case had been of a sale and delivery, a different question might be presented, but to allege a mere sale does not carry the necessary idea of the physical presence of the thing sold, or its movement from one to the other. Flocks of sheep in distant pastures, herds of cattle on absent ranges, and unmeasured quantities of goods of all sorts are sold without immediate manual delivery.

In other words, we are of opinion that to aver that A sold B certain spurious stamps, could not be held to necessarily mean that A has theretofore issued the stamps, nor that his sale was equivalent to a circulation of same. He could have sold them and completely transferred all of his right, title and interest without manual delivery. As said by Coke, J., in Cleveland v. Williams, 29 Texas, 204: "The buyer acquires not a mere jus ad rem, but an absolute jus in re, and he may demand delivery at once on tender of the price, and sue for the goods as his own if delivery be refused."

If we could believe that the allegation of the thing actually alleged to have been done by Stribling, viz: the sale to Bower of the stamps in question,—necessarily carried with it the inference of the actual issuance of the false stamps by Stribling, or their physical delivery to Bower,—our conclusion would be different.

The State cites Loicano v. State, 72 Texas Crim. Rep., 518, and Stokes v. Paschall, 243 S. W., 611. In the Loicano case, supra, the use of the word "beer" was but the descriptive of a liquor already judicially known and determined to be intoxicating, and hence within the terms of the offense charged against the accused, to-wit: selling intoxicating liquor without obtaining a license therefor. In the Stokes case, supra, the Court of Civil Appeals of the Second Supreme District approved the holding in Cattlemen's Trust Co. v. Turner, 182 S. W., 438, in effect, that stock in a corporation which was not delivered,—was not issued; also a holding in the case of City of Austin v. Valle, 71 S. W., 415, in effect, that certain municipal bonds could not be said to be issued until actually sold and delivered. We are not led to believe either case fairly usable as a precedent here.

We feel constraind to call attention to another phase of this case which we regard as serious. As stated, it is alleged that everything done by this appellant and others involved, was done in Travis county, Texas, the reason and excuse for such averment being found in Sec. 12 of the law as set out in Chap. 90, Acts First Called Session, 43rd Legislature, which reads as follows: "Sec. 12. Venue of a prosecution under the preceding section shall be in Travis County." Section 11 of said act, as amended by Chap. 6, Acts Second Called Session, 43rd Legislature, contains the law here alleged to have been violated by this appellant. Under the provisions of said Sec. 12 the State contends that it has sufficiently charged the offense when it alleges,—as is done here,—that all the acts of the accused were done in Travis County.

Appellant does not contend that venue of the prosecution is not properly laid in Travis County, but he insists that since what he did, and what others involved did in this transaction and conection, was done in Bexar County, the indictment should have so alleged. Appellant raises the point by a requested charge presented to the court when the evidence was all in, asking that the jury be told to acquit because of a variance between the allegations and the proof; also by objections to the introduction of testimony as to transactions occurring in Bexar County, which were alleged to have been done in Travis County. In Chivarrio v. State, 15 Texas Crim. App., 330, the indictment laid the venue of the offense in Webb County, in which county the prosecution was maintained and the conviction secured. The evidence set out in the bill of exceptions shows that the offense was actually committed in Encinal County, an unorganized county attached to Webb for judicial purposes. This court held on appeal that though Webb County could properly try and convict one guilty of an offense in the attached unorganized County of Encinal, still the State was not absolved from charging the fact that the offense was committed in Encinal County, and that same was attached to Webb County for judicial purposes. It seems to us that the principle there announced holds good in the instant case. Suppose in the case at bar the accused had been charged in ten or a dozen similar indictments, all alleging, as in the one before us, that the things done by the accused and those with him, were all done in Travis County, the reason given for such action being solely that the place of trial of said cases was fixed by statute in Travis County. It would necessarily follow that if there be no distinguishing or descriptive averments in

the several indictments, the accused,—who may have understood that he was actually to be confronted upon the first trial with the facts of some one of these.ten or dozen violations in widely separated parts of Texas,—could not know from the indictment which case of the number he would be first called on to defend, and therefore could not know what witnesses to summon, or how to prepare for trial,—a situation, to say the least, decidedly embarrassing to one who under our practice and law is presumed to be innocent until his guilt has been established beyond a reasonable doubt. It might develop upon the trial that he was charged with an offense committed at Dalhart, and he might have brought witnesses from Beaumont expecting to be tried upon a transaction occurring there. This is but an illustration. If forced to trial and convicted, and the State then proceed to call a subsequent case, how could the accused properly prepare and present his plea of autrefois convict, and on the other hand how could the State prepare and meet and overcome a claim by the accused that he had already been tried and convicted for the offense set out in the second indictment? The reasons for our suggestions appear plain, so much so that it seems not necessary to pursue the argument further. Appellant's objections to the evidence should have been sustained, and upon another trial the indictment should be so framed,—even though alleging venue in Travis County in accordance with the statute,—as to give a sufficient description of the particular transaction relied upon by the State as to reasonably apprise appellant thereof and to enable him to prepare his defense.

Being constrained to believe that the indictment in the instant case is not sufficient, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State, through the District Attorney and Assistant District Attorney of Travis County, has filed a motion for rehearing insisting that we were in error in our disposition of the case. The motion reveals much labor and research, and counsel are commended for their interest in following on appeal cases prosecuted by them. Authorities to which we are referred have been examined, but the conclusions reached originally are not thought to be erroneous.

We advert only to the point regarding the averment in the

indictment that the offense was committed in Travis County. We are cited to Compton v. State, 105 Texas Crim. Rep., 516, 289 S. W., 54; Stone v. State, 111 Texas Crim. Rep., 547, 15 S. W. (2d) 18; Barnes v. State, 104 Texas Crim. Rep., 438, 284 S. W., 577, as thought to be out of line with our holding in the present case. It will be noted that all of the offenses dealt with in the cases mentioned are found enumerated in Chapter 2, Title 4 of the Code of Criminal Procedure permitting prosecutions in counties other than those in which the offense was committed, and in which the averment of venue is controlled by Art. 210 of the same Chapter, which article reads as follows: "In all cases mentioned in this chapter, the indictment or information, or any proceeding in the case, may allege that the offense was committed in the county where the prosecution is carried on. To sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts in the case, the county where such prosecution is carried on has jurisdiction."

There is found in the Acts of the 43rd Leg., 1st C. S., Ch. 90, page 234, under which the instant prosecution proceeded, a provision fixing venue in Travis County, but there is no such enactment as is contained in Art. 210 making it sufficient to allege that the "offense was committed in the county where the prosecution is carried on." A case which we regard as precisely in point, when the circumstances under which it arose are understood, is Mischer v. State, 41 Texas Crim. Rep., 212. There accused was prosecuted for rape. That offense is now found enumerated in Chapter 2, Title 4, C. C. P., and is now controlled by Art. 210 so far as the averment and proof of venue is concerned. However, it was not embraced in said Chapter in 1899, the time of the prosecution in Mischer's case. In 1897 (Acts 1st C. S., page 16) the Legislature passed a law providing as follows: "Prosecutions for rape may be commenced and carried on in the county in which the offense is committed, or in any county of the judicial district in which the offense is committed, or in any county of the judicial district the judge of which resides nearest the county seat of the county in which the offense is committed. When the judicial district comprises only one county, prosecutions may be commenced and carried on in that county, if the offense be committed there, or in any adjoining county."

There was an omission to further provide that an averment in the indictment that the "offense was committed in the county where the prosecution was carried on" would be sufficient,

just as the Legislature omitted to so provide in prosecutions under the law against which appellant is charged to have offended; but in both cases the law placed venue in counties other than the one in which the offense was committed. In Mischer's case the offense was committed in Colorado County. The indictment was returned by a grand jury in Guadalupe County, which was in the same judicial district with Colorado County. The indictment, although returned by the Guadalupe County grand jury, alleged that the offense was committed in Colorado County, where it actually occured. This Court said: "* * * in our opinion, it was properly alleged in the indictment, which was found and presented by a grand jury of Guadalups County, that the offense was committed in Colorado County. In Chivarrio v. State, 15 Texas Appeals, 330, this question was decided. That was a case where the offense was committed in Encinal County, which was an unorganized county, and by legislative enactment was attached to Webb County for judicial purposes. There it was held that the place of the offense was improperly laid in Webb County; that it should have been laid in Encinal County, where it actually occurred. *This view was taken because it was not provided that the venue in unorganized counties could be laid, under article 245, Code of Criminal Procedure, in the county where the prosecution was carried on. That case has a direct application to the case at bar, as the act of the Legislature under which this prosecution was begun does not provide that the indictment may allege that the offense was committed in the county where the prosecution was carried on.*" (Italics ours). In Gonzales v. State, 76 Texas Crim. Rep., 493, the offense of rape was prosecuted in Atascosa County, and the indictment alleged that it was committed in said county. The offense in fact was committed in Live Oak County. The holding in Mischer's case was followed. The Gonzales case was tried in 1915. In following the Mischer case the court apparently overlooked the fact that in the revision of the statutes in 1911 the offense of rape had been placed in Chapter 2 of Title 4, C. C. P., and was at the time of trial controlled by what is now Art. 210, of said Chapter, then being Art. 257.

The prosecution of offenses named in Chapter 2 of Title 4 may be regarded as exceptions to the rule announced in Chivarrio v. State, 15 Texas Cr. App., 330, and in the Mischer and Gonzales cases (supra), because they are controlled by Art. 210, C. C. P. We remain of the opinion that it should have been alleged in the indictment that the offense was com-

mitted in the county where it actually occurred, with additional averments, if such be necessary, to show jurisdiction in Travis County, the place of prosecution, in the absence of a provision similar to that found in Art. 210, C. C. P. It seems clear that the very enactment of said Article was a recognition that it was a departure from the ordinary rule of pleading as to venue.

The State's motion for rehearing is overruled.

*Overruled.*