# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00128-CR

**Ruben Ortiz Haro, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-17-1174-SB, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ruben Ortiz Haro pleaded guilty and open to the court for punishment on one count of promotion of child pornography (Count One) and one count of possession of child pornography (Count Two). *See* Tex. Penal Code § 43.26(a), (e). The trial court found him guilty and sentenced him to 15 years in prison for Count One and 10 years for Count Two with the sentences to run concurrently. In a sole appellate issue, Haro contends that his punishments for both promotion and possession of child pornography violate the prohibition against double jeopardy.[1] *See Philmon v. State*, 609 S.W.3d 532, 535 (Tex. Crim. App. 2020). We affirm the trial court's judgment for Count One but vacate that for Count Two.

---

[1] The trial court certified Haro's right to appeal, and there is no indication in the record that he waived his double-jeopardy rights.

## BACKGROUND

The Tom Green County Sheriff's Office received a cyber tip that Haro was sharing child pornography on the internet. Based on this, officers obtained warrants to search Haro's home and electronic devices and found evidence of several images of suspected child pornography on his devices. During the search, Haro cooperated with officers and showed them three images of suspected child pornography on his iPad.

As a result, Haro was indicted by a grand jury on two nearly identical counts— promotion and possession of child pornography. Haro's indictment alleges:

### COUNT ONE

. . . Defendant . . . did then and there intentionally and knowingly promote, by circulating, visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual or simulated sexual intercourse.

### COUNT TWO

. . . Defendant . . . did then and there intentionally and knowingly possess visual material that visually depicted, and which the defendant knew visually depicted[,] a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual or simulated sexual intercourse.

At trial, Haro pleaded guilty and open to the court for punishment on both offenses. Both a Tom Green County sheriff's investigator and Haro's father testified. Afterward, the trial court entered a judgment of conviction for Count One and one for Count Two and ordered the sentences to run concurrently.

## APPLICABLE LAW AND STANDARD OF REVIEW

The Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." This protection against double jeopardy affords defendants several rights, one of which prohibits "multiple punishments for the same offense." *See Philmon*, 609 S.W.3d at 535. There are two variations of a multiple-punishments double-jeopardy claim: (1) where both a greater and a lesser included offense are alleged and the same conduct is punished once for the greater offense and a second time for the lesser and (2) where the same criminal act is punished under two distinct statutes and the legislature intended the conduct to be punished only once. *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013).

"To determine whether two offenses are the 'same offense' for purposes of double jeopardy, we apply the 'same-elements' test, as set forth in *Blockburger v. United States*." *Id.* (citing 284 U.S. 299, 304 (1932)). "Under the 'same-elements' test, 'two offenses are not the same if "each provision requires proof of a fact which the other does not."'" *Philmon*, 609 S.W.3d at 535 (quoting *Bien v. State*, 550 S.W.3d 180, 184 (Tex. Crim. App. 2018)). "If both offenses, as pleaded, have different elements under the *Blockburger* test, a judicial presumption arises that the offenses are different for double jeopardy purposes, and the defendant may be convicted and punished separately for each offense." *Id.* "The *Blockburger* test is the starting point in the analysis of a multiple-punishments double-jeopardy claim." *Ex parte Denton*, 399 S.W.3d at 546 (citing *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)). "The analysis in *Blockburger* was based 'upon the face of the statute' at issue." *Id.* (quoting 284 U.S. at 304).

"In Texas, the *Blockburger* 'same-elements' test is informed only by the pleadings, and a reviewing 'court may not consider the evidence presented at trial' to make the

3

determination." *Philmon*, 609 S.W.3d at 535–36 (quoting *Ex parte Benson*, 459 S.W.3d 67, 73 (Tex. Crim. App. 2015)). Two offenses are the same when one is "factually subsumed" within the other, and "[a]n offense may be factually subsumed when there is a single act that cannot physically occur in the absence of another act." *See Maldonado v. State*, 461 S.W.3d 144, 148–49 (Tex. Crim. App. 2015). Even for "offenses that have differing elements under *Blockburger*," there may yet be a double-jeopardy violation "if the same 'facts required' are alleged in the indictment." *Ex parte Denton*, 399 S.W.3d at 546 (quoting *Bigon*, 252 S.W.3d at 370). If one offense is a lesser included offense of another, the two offenses are the same for double-jeopardy purposes. *See Ex parte Watson*, 306 S.W.3d 259, 261–65 (Tex. Crim. App. 2009); *accord id.* at 270–73 (per curiam) (op. on reh'g). But where there is only "a substantial overlap in the proof required for each offense, the offenses are not the 'same offense' . . . if each offense, as pleaded, requires at least one element not required by the other offense." *Philmon*, 609 S.W.3d at 536.

"In the multiple punishment context: '[T]he *Blockburger* test is no more than a rule of statutory construction, useful in discerning the legislative intent as to scope of punishment where the intent is not otherwise manifested. The *Blockburger* test does not operate, however, to trump "clearly expressed legislative intent."'" *Garza v. State*, 213 S.W.3d 338, 351–52 (Tex. Crim. App. 2007) (quoting *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992)). Even if two offenses are the same under *Blockburger*, an accused may be punished for two offenses "if the Legislature has otherwise made manifest its intention that he should be." *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010); *accord Garza*, 213 S.W.3d at 351–52. Similarly, if the purported lesser offense is not an included offense under the *Blockburger* test, we consider a non-exclusive set of factors that were "listed in *Ex parte Ervin* to determine whether the

4

Legislature clearly intended only one punishment for these separate offenses." *Philmon*, 609 S.W.3d at 536 (citing 991 S.W.2d 804, 814 (Tex. Crim. App. 1999)). The factors are:

> whether the offenses provisions are contained within the same statutory section, whether the offenses are phrased in the alternative, whether the offenses are named similarly, whether the offenses have common punishment ranges, whether the offenses have a common focus (i.e. whether the "gravamen" of the offense is the same) and whether that common focus tends to indicate a single instance of conduct, whether the elements that differ between the offenses can be considered the "same" under an imputed theory of liability which would result in the offenses being considered the same under *Blockburger* (i.e. a liberalized *Blockburger* standard utilizing imputed elements), and whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double jeopardy purposes.

*Id.* (quoting *Ex parte Ervin*, 991 S.W.2d at 814).

## PRESERVATION OF ERROR

Preservation of error is a systemic requirement of Texas's courts, so we must address it before reversing any judgment of conviction, even if no party has raised it. *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016). Haro at no point in the trial court raised his double-jeopardy complaint. Still, double-jeopardy complaints may be raised for the first time on appeal when "(1) the undisputed facts show the double-jeopardy violation is clearly apparent from the face of the record, and (2) enforcement of the usual rules of procedural default serves no legitimate state interest." *Garfias v. State*, 424 S.W.3d 54, 57–58 (Tex. Crim. App. 2014). A double-jeopardy claim is apparent on the face of the trial record if resolution of the claim does not require further proceedings for the purpose of introducing additional evidence in support of the double-jeopardy claim. *Ex parte Denton*, 399 S.W.3d at 544. "While the state may have an interest in maintaining the finality of a conviction, we perceive no legitimate interest in

5

maintaining a conviction when it is clear on the face of the record that the conviction was obtained in contravention of constitutional double-jeopardy protections." *Id.* at 545.

Here, no party disputes any relevant facts, and the alleged double-jeopardy violation stemmed from a single trial leading to both judgments of conviction. The enforcement of the usual rules of procedural default would thus serve no legitimate state interest. *Weber v. State*, 536 S.W.3d 31, 37 (Tex. App.—Austin 2017, pet. ref'd) (citing *Johnson v. State*, 208 S.W.3d 478, 510 (Tex. App.—Austin 2006, pet. ref'd)); *Jimenez v. State*, 240 S.W.3d 384, 417 n.19 (Tex. App.—Austin 2007, pet. ref'd) (same). Whether Haro may raise his double-jeopardy complaint turns on whether the alleged violation is clearly apparent from the face of the record. For the reasons explained below, we conclude that it is clearly apparent from the face of the record.

## DOUBLE-JEOPARDY VIOLATION

In his sole appellate issue, Haro contends that his punishment for Count Two, possession of child pornography, violates his double-jeopardy rights because this possession offense is the "same offense" as his offense for promotion of child pornography. He notes that the only difference between the two offenses as indicted was that Count One required him to have "promote[d], by circulating," unspecified proscribed visual material, while Count Two required him to have "possess[ed]" unspecified proscribed visual material. Because, he argues, "it would be impossible to promote child pornography if you were not already possessing it," he sees his two offenses as the same because promotion "cannot be committed without necessarily committing" possession. *See Aekins v. State*, 447 S.W.3d 270, 280 (Tex. Crim. App. 2014). Relatedly, he argues that "the general nature of the indictment," because it "[f]ail[s] to itemize or otherwise identify the specific visual material in some way," "creates the double jeopardy issue here."

6

Because of the indictment's failure to specify which visual materials the State wished to proceed on under each count, Haro says, even if his promotion and possession offenses "have different elements," they are still "based on the 'same facts required' as alleged in the indictment" and so constitute a double-jeopardy violation. *See Bigon*, 252 S.W.3d at 370.

The indictment for promotion and possession of child pornography tracks the statutory language. *See* Tex. Penal Code § 43.26(a), (e) (defining both offenses); *id.* § 43.26(b)(1) (defining "promote" by reference to Section 43.25); *id.* § 43.25(a)(5) (definition of "promote" includes "circulate"). Haro's appeal thus turns on whether alleging the promotion element necessarily includes possession. *See Philmon*, 609 S.W.3d at 535–36; *Maldonado*, 461 S.W.3d at 148–49; *Aekins*, 447 S.W.3d at 274.

We look to the elements of "both offenses, *as pleaded*." *See Philmon*, 609 S.W.3d at 535 (emphasis added). The statutory elements of promotion of child pornography are (1) knowingly or intentionally promoting visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct and (2) knowing that the material so depicts an under-18 child engaging in sexual conduct. *See* Tex. Penal Code § 43.26(e)(1)–(2). But *as pleaded here*, the promotion element could be proven only by proof of *circulation*. *See id.* §§ 43.25(a)(5), 43.26(b)(1). This distinction from the indictment matters because if we were instead to dispense with alleged manners and means when conducting a *Blockburger* analysis, then we could consider the part of the statutory definition that includes "advertise" among the meanings of "promote." *See id.*

For *Blockburger* analysis and manners and means, the Court of Criminal Appeals has instructed us to factor in manners and means when to do so would make one of the offenses a lesser included offense of the other. *See Ex parte Watson*, 306 S.W.3d at 270–73. The Court

7

instructed that "if an element of the lesser offense may be deduced from a descriptive averment in the indictment for the greater-inclusive offense, this should be factored into the lesser-included-offense analysis in asking whether all of the elements of the lesser offense are contained within the allegations of the greater offense." *Id.* at 273; *accord Llorens v. State*, 520 S.W.3d 129, 135 (Tex. App.—Austin 2017, pet. ref'd) (beginning double-jeopardy analysis by reviewing offenses at issue as they were "limited by the allegations in the indictment"); *Ex parte Pritzkau*, 391 S.W.3d 185, 187–89 (Tex. App.—Beaumont 2012, pet. ref'd) (applying same reasoning from *Ex parte Watson*); *Rogers v. State*, 305 S.W.3d 164, 169 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (basing double-jeopardy analysis on what "State had to show" to prove one offense at issue when what State "had to show" was assault "with a knife or grabb[ing] [victim]'s clothing," which is what was alleged in indictment). Applying that instruction here, we must factor into our lesser-included-offense analysis the indictment's allegation of circulation when deciding whether Haro's promotion and possession offenses are the same.

The Penal Code does not define "circulate" for these purposes, so we are to consult the term's plain and ordinary meaning. *See Philmon*, 609 S.W.3d at 537. Prominent dictionaries provide the definitions "to spread widely" and "to cause to pass from person to person and usu[ally] to become widely known : disseminate" and for the noun form "circulation," "[t]ransmission from person to person or place to place." *See Circulate*, Webster's Third New International Dictionary of the English Language Unabridged 409 (2002); *Circulation*, Black's Law Dictionary (6th ed. 1990); *accord Willard v. State*, 87 S.W.2d 269, 270 (Tex. Crim. App. 1935) (defining "circulate" as used in indictment for circulating counterfeit stamps: "[A] thing circulates when it passes, as from one person or place to another person or place, or spreads, as a report or tale."). In each example, the one who is spreading, disseminating, or transmitting an item necessarily must

8

have "actual care, custody, control, or management," *see* Tex. Penal Code § 1.07(39) (defining "possession"), of the item to pass it to a new person. Thus, alleging that a person circulated an item necessarily alleges that he possessed the item. This makes Haro's possession offense a lesser included offense of his promotion offense, with both alleged to have involved unspecified proscribed visual material, and thus the "same offense" for double-jeopardy purposes. *See Maldonado*, 461 S.W.3d at 148–49; *Ex parte Denton*, 399 S.W.3d at 546; *Ex parte Watson*, 306 S.W.3d at 273.

The State's response to Haro's arguments relies on the evidence from trial, including that the sergeant investigator testified about three different images of child pornography that Haro directed him to on the iPad. But the *indictment* gives no such indication, as each count contains an identical description of the alleged child pornography, and the Court of Criminal Appeals has been clear that we are to consider only the pleadings and not the evidence from trial when conducting a *Blockburger* analysis. *See Philmon*, 609 S.W.3d at 535–36 ("In Texas, the *Blockburger* 'same-elements' test is informed only by the pleadings, and a reviewing 'court may not consider the evidence presented at trial' to make the determination." (quoting *Ex parte Benson*, 459 S.W.3d at 73)). This is not a case in which the State, for example, specified in the indictment particular kinds of images, like photographs versus videos; differing descriptions of what the image of child pornography depicted was happening with the child; or different filenames for the proscribed images. *See, e.g.*, *Vineyard v. State*, 958 S.W.2d 834, 836 (Tex. Crim. App. 1998); *Eubanks v. State*, 326 S.W.3d 231, 243 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

In sum, the allegation that Haro promoted unspecified proscribed visual material necessarily includes the allegation that he possessed unspecified proscribed visual material. We thus conclude under the *Blockburger* test that his two offenses are the same.

But this is not the end of the inquiry. *See Gonzales*, 304 S.W.3d at 845 ("An accused may be punished for two offenses even though they would be regarded as the same under a *Blockburger* analysis if the Legislature has otherwise made manifest its intention that he should be."); *accord Garza*, 213 S.W.3d at 351–52. The judicial presumption that the Legislature did not intend to allow multiple punishments in this context can be overridden by only "a clearly expressed intention to the contrary." *See Price v. State*, 434 S.W.3d 601, 610 (Tex. Crim. App. 2014); *accord Garza*, 213 S.W.3d at 352.

We find no such clear legislative expression. "The Legislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense," such as its enactments in Penal Code sections 22.04(h) and 71.03(3).[2] *Littrell v. State*, 271 S.W.3d 273, 278 (Tex. Crim. App. 2008). But there is no comparable language in Section 43.26, the statute that defines both offenses here. Nor do we find any other indication within Penal Code chapter 43 to suggest that promoting and possessing unspecified visual material can be punished twice. In fact, Section 43.26 contains some indication to the contrary. Section 43.26(e) defines the offense of promotion and lists disjunctively in the same subsection the offense of "possess[ion] with intent to promote." *See* Tex. Penal Code § 43.26(e)(1). This is some indication that the Legislature sees the promotion offense as equal to the possession-with-intent-to-promote offense. And it is unlikely that the same defendant could be punished twice both for possessing and possessing with intent to promote unspecified proscribed visual material. *See Aekins*, 447 S.W.3d at 279–83.

---

[2] *See* Tex. Penal Code § 22.04(h) ("A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections."); *id.* § 71.03(3) ("It is no defense to prosecution under Section 71.02 that: . . . a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02.").

10

Without a clear expression by the Legislature that it intended multiple punishments when a defendant both promotes and possesses unspecified proscribed visual material, Haro's two offenses are the same for double-jeopardy purposes. *See Price*, 434 S.W.3d at 610; *Littrell*, 271 S.W.3d at 278–79. We thus sustain his appellate issue; affirm his conviction for the greater offense, Count One; and vacate his conviction for Count Two. *See Aekins*, 447 S.W.3d at 272, 283; *Ex parte Cavazos*, 203 S.W.3d 333, 338–39 (Tex. Crim. App. 2006).

## CONCLUSION

We affirm the judgment convicting Haro for promotion of child pornography. We vacate the judgment convicting him for possession of child pornography.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Triana, and Kelly

Affirmed in Part; Vacated in Part

Filed:   April 6, 2022

Do Not Publish