# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-20-00128-CR

---

**Ruben Ortiz Haro, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B-17-1174-SB, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Following his open plea of guilty, Haro was convicted of one count of possession of child pornography and one count of promotion of child pornography. *See* Tex. Penal Code § 43.26(a), (e). He was sentenced to 10 and 15 years in prison, respectively, with the sentences to run concurrently. On appeal, he argues that his convictions violate double jeopardy because they impose multiple punishments for the same offense. Because when two distinct statutory provisions are at issue, the offenses must be considered the same under both an "elements" analysis and a "units" analysis for a double-jeopardy violation to occur, and Haro's offenses are only the same under an elements analysis, we affirm.[1]

---

[1] This case is before us on remand from the Texas Court of Criminal Appeals. *See Haro v. State*, No. PD-0233-22, 2023 WL 6284496 (Tex. Crim. App. Sept. 27, 2023) (per curiam) (not

## BACKGROUND

The National Center for Missing and Exploited Children gave a tip to the Texas Attorney General that a certain Yahoo and Flickr user had been sharing child pornography. The internet protocol address came back to Tom Green County, so Andrew Alwine, a Sergeant Investigator with the Tom Green County Sheriff's Office, took over the investigation, which eventually led to Haro and his collection of child pornography.

Haro was indicted by a grand jury on two nearly identical counts—intentionally and knowingly "possess[ing] visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual conduct, namely actual or simulated sexual intercourse," and intentionally and knowingly "promot[ing], by circulating," the same. Haro pleaded guilty and open to the court for punishment on the two counts.

At the plea/punishment hearing, Alwine, Haro, and Haro's father testified. After considering that testimony, the presentence investigation report, and arguments, the trial court found Haro's plea was supported by the evidence, found him guilty, and sentenced him to 10 years on the possession count and 15 years on the promotion count, with the sentences to run concurrently. In a sole appellate issue, Haro contends, for the first time, that his punishments for both possession and promotion of child pornography violate the prohibition against double jeopardy.

---

designated for publication). That Court vacated the judgment in our prior opinion. *See Haro v. State*, No. 03-20-00128-CR, 2022 WL 1019564 (Tex. App.—Austin Apr. 6, 2022) (mem. op., not designated for publication). It instructed us, on remand, to complete our double jeopardy analysis of Haro's double jeopardy claim under the *Ex parte Benson*, 459 S.W.3d 67 (Tex. Crim. App. 2015) framework.

## APPLICABLE LAW AND STANDARD OF REVIEW

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend 5, cl. 2. "The protection against double jeopardy includes the protection against multiple punishments." *Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015). "In the multiple-punishment context, the double-jeopardy clause prevents a court from prescribing greater punishment than the legislature intended." *Id*. "How legislative intent is ascertained depends in part on whether the offenses at issue are codified in a single statute or in two distinct statutory provisions." *Id*. "The codification of offenses in two distinct statutory provisions is, by itself, some indication of a legislative intent to impose multiple punishments." *Id*. "When two distinct statutory provisions are at issue, the offenses must be considered the same under both an 'elements' analysis and a 'units' analysis for a double-jeopardy violation to occur." *Id*. "When only one statute is at issue, the 'elements' analysis is necessarily resolved in the defendant's favor, and only a 'units' analysis remains to be conducted." *Id*. "Because double jeopardy concerns affect fundamental, constitutional rights, they 'may be raised for the first time on appeal, or even for the first time on collateral attack when the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record and when enforcement of usual rules of procedural default serves no legitimate state interests.'" *Sledge v. State*, 666 S.W.3d 592, 599 (Tex. Crim. App. 2023) (quoting *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000)). So, the issue must be resolved on the merits either way. *See Ex parte Marascio*, 471 S.W.3d 832, 837 (Tex. Crim. App. 2015) (per curiam) (Keasler, J., concurring).

"Where there are no underlying questions of fact, double jeopardy is a question of law we review de novo." *State v. Donaldson*, 557 S.W.3d 33, 40 (Tex. App.—Austin 2017, no pet.).

**APPLICATION**

Two distinct statutory provisions are at issue.

Here, although the same statute, Texas Penal Code section 43.26, governs possession and promotion of child pornography, possession and promotion are not means of a single crime but are separate crimes set out in separate subsections, with separate punishment ranges. Under section 43.26(a), "[a] person commits an offense if: (1) the person knowingly or intentionally possesses, or knowingly or intentionally accesses with intent to view, visual material that visually depicts a child younger than 18 years of age at the time the image of the child was made who is engaging in sexual conduct . . . and (2) the person knows that the material depicts the child as described by Subdivision (1)." Tex. Penal Code § 43.26(a). "An offense under Subsection (a) is a felony of the third degree[.]" *Id*. § 43.26(d).[2] Under section 43.26(e), "[a] person commits an offense if: (1) the person knowingly or intentionally promotes or possesses with intent to promote material described by Subsection (a)(1); and (2) the person knows that the material depicts the child as described by Subsection (a)(1)." *Id*. § 43.26(e). "An offense under Subsection (e) is a felony of the second degree[.]" *Id*. § 43.26(g).

---

[2] Acts of May 31, 2015, 84th Leg., R.S., ch. 933, § 2, Tex. Gen. Laws 3221, 3222 (amended 2023) (current version at Tex. Penal Code § 43.26(d)). The Texas Legislature has since amended article 43.26(d) to provide that offense under Subsection (a) is: "(1) a felony of the third degree if the person possesses visual material that contains fewer than 100 visual depictions of a child as described by Subsection (a)(1); (2) a felony of the second degree if the person possesses visual material that contains 100 or more visual depictions of a child as described by Subsection (a)(1) but fewer than 500 such depictions; (3) a felony of the first degree if the person possesses visual material that contains 500 or more visual depictions of a child as described by Subsection (a)(1); . . ." Tex. Penal Code § 43.26(d).

<u>The offenses are the same under an elements test.</u>

"The application of the *Blockburger* same-elements test in Texas is governed by the cognate-pleadings approach, which entails comparing the elements of the greater offense as pleaded to the statutory elements of the lesser offense." *Ex parte Benson*, 459 S.W.3d at 72. Therefore, in an "elements" analysis, a court may not consider the evidence presented at trial. *Id*. at 74.

If each statute requires proof of an additional fact or element that the other does not, a judicial presumption arises that the offenses are *different* for purposes of double jeopardy and the defendant *may* be punished for both; if each does not, the judicial presumption is the opposite—the offenses are *the same* for double-jeopardy purposes and the defendant *may not* be punished for both. *Ex parte Benson*, 459 S.W.3d at 72. These judicial presumptions can be rebutted by "clearly expressed legislative intent" to impose either one or multiple punishments. *Id*.

Two definitions are relevant to Haro's charges. "Sexual conduct" can mean "actual sexual intercourse." Tex. Penal Code §§ 43.25(a)(2), 43.26(b)(2). "Promote" can mean "to circulate." *Id*. §§ 43.25(a)(5), 43.26(b)(1).

As pleaded here, the promotion element requires proof of circulation. The Penal Code does not define "circulate" for these purposes, but prominent dictionaries provide the definitions "to spread widely" and "to cause to pass from person to person and usu[ally] to become widely known: disseminate" and for the noun form "circulation," "[t]ransmission from person to person or place to place." *See Circulate*, Webster's Third New International Dictionary of the English Language Unabridged 409 (2002); *Circulation*, Black's Law Dictionary (6th ed. 1990); *accord Willard v. State*, 87 S.W.2d 269, 270 (Tex. Crim. App. 1935) (defining "circulate" as used in indictment for circulating counterfeit stamps: "[A] thing circulates when it passes, as from one

5

person or place to another person or place, or spreads, as a report or tale."). Therefore, the promotion count required proof Haro committed a section 43.26(a) possession offense. *Id.* § 43.26(a). And because section 43.26(a) does not include an element that the charged promotion count does not, possession is a lesser included offense of the charged promotion count, and the offenses meet the "same elements" test. *See Ex parte Benson*, 459 S.W.3d at 72. We turn to whether the Texas Legislature nevertheless "clearly expressed" its intent to impose multiple punishments. *Id.*

"The Legislature knows well enough how to plainly express its intention that an accused should suffer multiple punishments for the same offense," such as expressly providing in a code section, "A person who is subject to prosecution under both this section and another section of this code may be prosecuted under either or both sections." *Littrell v. State*, 271 S.W.3d 273, 278 n.30 (Tex. Crim. App. 2008). But there is no comparable language in Section 43.26, the statute that defines both offenses here. Nor do we find any other indication within Penal Code Chapter 43 to suggest that promoting and possessing the same image can be punished twice. In fact, Section 43.26 contains some indication to the contrary. Section 43.26(e) defines the offense of promotion and lists disjunctively in the same subsection the offense of "possess[ion] with intent to promote." Tex. Penal Code § 43.26(e)(1). This is some indication that the Legislature sees the promotion offense as equal to the possession-with-intent-to-promote offense. And it is unlikely that the same defendant could be punished twice both for possessing and possessing with intent to promote the same visual material. *See Aekins v. State*, 447 S.W.3d 270, 279–83 (Tex. Crim. App. 2014). We therefore turn to whether the offenses are the same under a units analysis.

The offenses are not the same under a units analysis.

"Even when the offenses in question are proscribed by a single statute or are otherwise the same under an 'elements' analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution." *Ex parte Benson*, 459 S.W.3d at 73. "This latter inquiry involves determining such things as whether there were two murder victims, whether a victim who was assaulted on Monday was assaulted again on Tuesday, or whether multiple kinds of sex acts were committed against a victim." *Id*. "A 'units' analysis consists of two parts: (1) what the allowable unit of prosecution is, and (2) how many units have been shown." *Id*. "The first part of the analysis is purely a question of statutory construction and generally requires ascertaining the focus or gravamen of the offense." *Id*. at 73-74. "The second part requires an examination of the trial record, which can include the evidence presented at trial." *Id*. at 74.

1. The allowable unit of prosecution.

The "unit of prosecution" for possession of or promotion of child pornography under Texas law is each individual image or item of child pornography, even if all the items are seized from one search. *See Vineyard v. State*, 958 S.W.2d 834, 838 (Tex. Crim. App. 1998). Each separate image or item of child pornography could constitute a distinct offense. *Eubanks v. State*, 326 S.W.3d 231, 246 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

2. The units shown by the evidence.

The undisputed evidence at the plea/punishment hearing showed Haro possessed or promoted hundreds of images of child pornography and that included multiple images of "visual material that visually depicted, and which the defendant knew visually depicted, a child who was younger than 18 years of age at the time the image of the child was made, engaging in sexual

7

conduct, namely actual or simulated sexual intercourse." That evidence consisted of Haro's plea, Alwine's testimony, and Haro's testimony. First, Haro executed a waiver and stipulation of evidence in which he judicially confessed to both possession and promotion of child pornography. *See* Tex. Code Crim. Proc. art. 1.15. And he did so without asking the trial court to require the State to elect the specific images it was relying on, thereby assuring the State is jeopardy barred from any subsequent prosecution for any offense within the scope of Haro's charging instrument and as to which evidence was introduced at the hearing. *See Ex parte Goodbread*, 967 S.W.2d 859, 860-61 (Tex. Crim. App. 1998). Second, Alwine testified that Haro:

- admitted he had shared two hundred plus images throughout this time, and "thought that he might have had around three hundred images on his devices";

- showed him three photographs of child pornography on his iPad, two of which depicted sexual intercourse; and

- identified several different email addresses he had used to trade images.

Alwine testified his agency seized Haro's electronic devices, did forensic downloads of them, and found "many more" similar images.

Third, Haro testified on his own behalf. Haro confirmed that Alwine correctly represented the facts. Haro stated he began looking for child pornography images in 2007, when he learned he could trade the images for images "of women that I was looking for."

The evidence therefore included hundreds of "units of prosecution" for possession of or promotion of child pornography under Texas law. *See Vineyard*, 958 S.W.2d at 838.

In *Eubanks*, the First Court of Appeals rejected an argument like that made here. 326 S.W.3d at 246. There, the defendant argued that double jeopardy prevented him from being found guilty of two counts of possession of child pornography because the indictments did not

8

allege that he possessed different photographs. *Id*. The State's pleadings did not make it clear exactly which of the photographs in evidence formed the basis of each of two offenses. *Id*. The appellate court looked to the evidence presented and found some thirty photographs "that exhibited the complainants' breasts below the areola" as alleged in the two counts and concluded that the evidence demonstrated that the defendant's two counts for possession of child pornography were based on separate photographs—separate units of prosecution. *Id*. The evidence in this case, as described above supports the same conclusion here. Although the photographs were not introduced into evidence at this bench plea/punishment hearing, the trial court was entitled to rely on Haro's guilty plea and admission and to credit Alwine's testimony that two of the photographs depicted intercourse and that forensic downloads of Haro's devices contained "many more" similar images. Because the hearing evidence showed that Haro's two counts were based on separate images, the offenses are not the same under a units analysis. *See Vineyard*, 958 S.W.2d at 838; *Eubanks*, 326 S.W.3d at 246.

## CONCLUSION

Haro's offenses are the same under an "elements" analysis but are not the same under a "units" analysis. No double-jeopardy violation is apparent on the face of the record. We overrule Haro's double-jeopardy complaint and affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Smith

Affirmed on Remand

Filed:   December 6, 2024

Do Not Publish